If it pleases the court, Kelly Hewitt on behalf of the petitioner Ibrahim Mwangi, this case requires remand to the Board of Immigration Appeals for reopening because the board made four critical legal errors. First, the board failed to address Mr. Mwangi's prior counsel's ineffective assistance of counsel in front of the board itself. Second, the board failed to deem Mr. Mwangi's motion as unopposed. Third, the board erroneously said that Mr. Mwangi was not prejudiced by the egregious ineffective assistance of counsel. And fourth, the board erroneously said that Mr. Mwangi was not diligent in his seeking of reopening. Would you agree you've got to win the fourth issue? Your Honor, I believe the first two issues are... But if there was no diligence, how can you prevail? This is a motion to reopen. It was an untimely motion to reopen. And if there was a lack of diligence, that does not cure the untimeliness. Your Honor, that's correct. We do need to prove diligence. However, I would also argue that the first two legal issues are dispositive because the Board of Immigration Appeals did not do its job. In assessing this case, it did not address... It didn't have to reach those issues if it was right on number four. I believe you're correct, Your Honor. And we are correct on number four. You put number four at the bottom, and it seems to me effectively it needs to be at the top. But I understand that the others... Then the others... Yes, Your Honor. That opens the door to the others. Well, and Mr. Mwangi was diligent. The facts of the case show that Mr. Mwangi was diligent. The Board's appeal stated... Excuse me. The Board's decision on the appeal stated that Mr. Mwangi waited 16 months in order to file his motion to reopen. While that is technically correct, it was actually 13 months after the deadline for the appeal. Well, wasn't there more to it than that? The other part of the analysis, I think, that perched on the other side is that the hearing before the IJ. So that really the lack of diligence begins there. The Department of Justice does argue that he was aware of the ineffective assistance of counsel. I believe that's a misapprehension of Mr. Mwangi's argument. Mr. Mwangi stated that he could tell that the immigration judge was frustrated with his counsel and that there was tension there. However, Mr. Mwangi, indigent and detained throughout these proceedings, did not understand that what his attorney was asking him to do was ineffective assistance of counsel. The fact that his attorney provided egregious ineffective assistance of counsel is not in question here. The Board itself referred him to disciplinary, to the disciplinary counsel as the court has hopefully seen in our 28J letter based on this complaint and the referral to... Is there evidence? I mean, even beyond what Judge Loken's getting at, you have... He was duly diligent, so to speak. You have, you have, he was in detention and you have, he didn't get his files, but there's problems with both of those. So isn't there a failure of proof here? Which means by necessity, there's no abusive discretion. No, Your Honor. I disagree. So tell me the proof on both of those things, exactly what you presented to the, you know, before the, before... The Board? Yeah, the Board. Yeah, so Mr. Mwangi presented a sworn affidavit in which he stated that he did not have access to any funds to contact an attorney. We have taken this case pro bono. However, it's very difficult to find someone who will even address a 1,500 page administrative record for free. His accounts were frozen because his attorney attempted to access his funds without his permission, including his retirement account. All of this is proven in documents showing that Mr. Mwangi was handcuffed. I mean, both literally and figuratively because he could not reach money. He could not access evidence while being detained. And beyond that... What about the detention? The, you claim that he was, he was detained. Is there any evidence in the record as to where he was detained or how long or when the detention began? The, the, there is evidence that he was detained throughout the proceedings. All of the trial transcripts show that he was present, that he was present through video teleconference because he was in detention. It does not state the exact detention facility in which he was detained. However, in his statement, his sworn statement, which the Board had zero issues accepting this as true, he stated that he was released within the last month and has sought counsel. That sworn statement was executed in November, so we can say more or less October he was released. The record shows that counsel, us, we began seeking his file immediately upon him contacting us and we had to wait another month. An immigrant is only... When did that happen? Did that happen a month or two before the, the motion was filed when you started seeking the records? Immediately when, one month before it was filed, immediately upon contact by Mr. Mwangi. The record shows multiple phone calls, multiple emails from our office to Mr. Bell demanding his file and Mr. Bell's continued obfuscation. We still don't have the complete file. But that's a problem because if it didn't start until month 12 or month 15, depending on how you calculate it, you know, and I understand Mr. Mwangi was in a terrible situation with a terrible lawyer, but that doesn't show diligence unless he, unless you can show that he started looking for those files or at least asking for those files very early on, you know, within the first couple of months after the Board's decision. Well, and Mr. Mwangi didn't even understand that he needed his file. He didn't understand his due process rights. As we explained, prior counsel didn't even inform him of his ability to appeal to this court. Prior counsel's ineffectiveness completely deteriorated Mr. Mwangi's ability to know what to do in order to be diligent. The moment he was released from detention, he sought help from us. An alien is only allowed one motion to reopen based on ineffective assistance of counsel. It would be our own ineffective assistance if we didn't at least seek the record before filing it. If we file an incomplete motion to reopen, then we're guilty just as much as Mr. Bell was. Our office worked as hard as we could, as did Mr. Mwangi, in order to fight this constant obstruction from his prior attorney who knew that what he had done was wrong. He knew he had tried to access our client's retirement funds. He knew he presented a fake expert report that he himself wrote. He knew what he had done. He did everything he could to get Mr. Mwangi deported before something like this could happen. For these reasons, Mr. Mwangi was diligent in seeking reopening. Beyond that, I believe prejudice- Well, I was going to also ask about his counsel. I think we've got a Rule 28J talking about the fact that counsel was suspended. Was counsel suspended because of what happened with Mr. Mwangi, or was it entirely based on a separate matter? It was based on his misappropriation of funds. From Mr. Mwangi, or from someone else? From other cases. Mr. Mwangi's case is under advisement. However, Mr. Mwangi does not have as easy of a case to prove misappropriation of funds. We believe we've proven it. However, the cases, I believe there's tens of thousands of dollars that Mr. Bell has taken from personal injury cases. This money is much easier to track. He takes $22,000 that should be going to his client. He deposits it into his bank, and then the very next day, it's overdrawn. He has literally taken that into his pocket. So, Mr. Bell's practice shows that this is a pattern in practice of his, and it shows that he has every right to try to obstruct Mr. Mwangi from being able to make a complaint against him, an indigent, detained immigrant, at his mercy. I believe talking about the extreme level of this ineffective assistance of counsel, the board erred in finding that this didn't prejudice him. From the attorney writing the expert report himself, presenting it from someone who isn't even an expert, and then requiring his client to repeatedly read from that report as if it were his own testimony. These facts alone show that Mr. Mwangi was prejudiced. Finally, the prior counsel submitted what is tantamount to a word salad brief to the Board of Immigration Appeals. He waived almost all of the substantive issues in Mr. Mwangi's claim for asylum and withholding of removal. The board didn't even address that. The board completely created a clear error in not addressing that. There was a whole other portion of ineffective assistance of counsel that has left Mr. Mwangi without appellate review of his relief. I will respectively reserve my last minute for rebuttal. Thank you. Mr. Engler. May it please the court. Micah Engler on behalf of the Attorney General of the United States. The petitioner in this case filed an untimely motion to reopen based on ineffective assistance of counsel before the Board of Immigration Appeals. The board did not abuse its discretion in denying that untimely motion given that the prejudice on account of his former counsel's actions. First, with regard to due diligence, as the board stated, the petitioner did not demonstrate that he promptly filed a motion to reopen upon learning of the misconduct of his former counsel. In fact, it took him 16 months after the board's decision from July 2016 for petitioner to file the untimely motion. Well, that wouldn't be bad, though, if he was in detention. So if he's in detention, doesn't that create an excuse? Well, Your Honor, first of all, he has the burden to demonstrate to the board that he was in detention and how long he was in detention. The board states that while he says he discovered certain things about counsel's misconduct when he was released from jail, the board says, when were you in jail? When did you get released? What did you find out that made you contact new counsel? When did you contact new counsel? All of these are part of petitioner's burden to demonstrate to the board that he was diligent in filing the untimely motion. Additionally, the board looks at what petitioner knew during the hearing, even before the board issued its decision. And in the motion to reopen, there's an exhibit attached that is petitioner's declaration. And in that declaration, the petitioner himself states that it became clear at the hearing that the immigration judge and the Department of Homeland Security trial attorney knew that  That is petitioner's wording. He's saying that became clear at the hearing. All of that supports that the board did not abuse its discretion in finding that petitioner. In other words, he should have, once he found out he had made a bad choice, he should have taken steps at the time. Yes, Your Honor. And if he didn't, that's tough. Yes, Your Honor. It's tougher and tougher. It's tougher now that, I guess, as of a couple of days ago, they can no longer apply for bond. Apparently, there are no limits to the rigor with what your organization proceeds in these cases. There's an old saying, something like, justice must not only be done, but it must be seen to have been done. Didn't seem like it was done in this case. Your Honor, that actually Why is it not your burden to look out for the oppressed? Your Honor, even assuming due diligence in this case, there was Well, he may not prevail on the face of it. That's an irrelevant consideration here, isn't it? Unless we say it's a harmless error. No, Your Honor. This is not a harmless error. This is an untimely motion to reopen that he failed to demonstrate due diligence. You missed my point, but I seem to have a great facility in being unable to express my views to counsel of any I apologize, Your Honor. But even assuming due diligence in this case, there was no prejudice on account of the former counsel's misconduct. This court has said that we look as to whether there's a reasonable probability that the immigration judge's decision would have been different if the petitioner had been represented by competent counsel. Before you get there, I just want to ask the other thing that I asked opposing counsel, which is I don't want to leave the whole due diligence point, because you have another element. You have somebody who's been suspended for stealing client money. We now have that in a Rule 28J. And you have the files not being handed over or at least delayed. What's the response to that? I just want to know what the government and then feel free to go into the harmless error now or the prejudice analysis. Excuse me. Your Honor, that took place still almost 16 months after the board decision is when we're talking about the files being turned over. Also, the petitioner ended up filing the motion to reopen even without having the complete file. So it wasn't a prerequisite to the filing of the motion to reopen. I see. And with regard to the prejudice, we look to see. In other words, we're holding him to a higher standard than the lawyer was held to in terms of the lawyer's personal conduct. The former counsel or the current counsel, Your Honor? The former counsel or what passed for counsel. The petitioner had the burden. That's irrelevant, I guess. With regard to prejudice, we look to see what would petitioner have submitted to the board if he had been represented by competent counsel. And looking at that. Okay, go on. I'm sorry for interrupting. Looking at that, nothing would have changed. The outcome of the immigration judge and the board's decisions would not have changed. And we see. The competent counsel could not have come up with anything more than the incompetent counsel did. No, Your Honor. And we see that by looking at the motion to reopen. And looking at the exhibits that were submitted with the motion to reopen. There were 20 exhibits submitted with the motion to reopen. 19 of the 20 only talk about former counsel's misconduct. They don't talk about the merits of the case or the substance of the case. Only one document does. And that is the declaration from the petitioner on pages 41 through 43 of the record. And that is what touches on the merits of his asylum and withholding claim. And in that declaration, he states that he fears returning to Kenya because of an inheritance issue and distant relatives. Issues that he's having with distant relatives. That completely lines up with what the immigration judge and the board found. Which is that petitioner has a personal land dispute with his uncles. That is not a basis for asylum or withholding or removing. That is not one of the enumerated grounds that your well-founded fear of persecution must be on account of. So even looking at what would have been presented had petitioner had competent counsel. The board did not abuse its discretion in finding that there's not a reasonable probability that the outcome would have been different. I didn't go back and look at the reopen regs again. Do they specify there must be a showing of prejudice? No, the general reg on the motion to reopen. It sets the time limit and so forth. My understanding is that this court's case law has stated consistently that you must show prejudice in moving to reopen based on ineffective assistance of counsel. That's what the CIA said. That's what the agency said. Yes, your honor. In matter of Lazada, the board stated that you must show prejudice in order to establish ineffective. I'm talking about the motion to reopen. Is it clear from the regs that the motion to reopen had to at least present a prima facie case of prejudice? My understanding is that yes, but I'm certain that the case law has indicated that. Well, we don't have that much motion to reopen case law. There is a circuit case law that says with ineffective assistance of counsel, you must demonstrate prejudice. I understand that, but we're talking about due diligence. You're saying one of the reasons that he failed to establish due diligence is he didn't show prejudice. I understand on the merits he would have to show prejudice, and I frankly agree that he couldn't have on this record. But in terms of the motion to reopen, where is the reg that put him on notice that he had to have something better than what he had in this 20th exhibit? Your honor, the due diligence issue and the prejudice issue can be separated. The due diligence has to do with the untimely filing of the motion to reopen. The lack of prejudice has to do with any claim for ineffective assistance of counsel. And the BIA has decision law saying that if your claim to reopen is based on IAC and you don't show prejudice, the motion will be denied. Yes, your honor. The board has stated that, and this court has stated that. And if there are no further questions, the court should find that the board did not abuse its discretion and should deny the petition for review. Thank you. Thank you. And Judge Wolman, I disagree. I believe that you are very good at expressing what you're trying to say to counsel. Because what you are addressing with the Department of Justice right now about harmless error, tough luck for my guy, goes to what matter of Lozada explains, which Judge Loken, you were also asking, do we have to show prejudice? Yes, we have to show prejudice. And yes, we have to show that this person did what they could in order to rectify that prejudice on a motion to reopen, improve that prejudice. Here we have a situation where, as matter of Lozada says, prejudice is shown when a respondent in immigration proceedings is not able to present his case. Here we have an IJ decision and a BIA decision that states that they have somehow looked past all of this ineffective assistance of counsel, lying and testifying by the counsel itself, and has somehow found that Mr. Mwangi presented a case. Mr. Mwangi didn't even have a chance to present his case. This court found in Gathungu v. Holder. See, I don't think that's a pretty serious overstatement. I think the IJ and the BIA, the first decisions of which I've read, understood that the land dispute and the fear of relatives was the basis for this. May I have a moment to respond to that? Sure. At administrative record 803 through 804, and then again on 806, the immigration judge specifically stated in the trial, I do not understand the claim. Later, like I said, at 806, the immigration judge says, I'm no clearer than I was before. Throughout these pages, Mr. Bell, Mr. Mwangi's counsel, is testifying himself. He's asking my client about case law, saying, you know, have you read Kanagu, which is a case that was before this court. The immigration judge repeatedly stated that he didn't understand the claim. Further, the immigration judge said. Was this during Mr. Mwangi's testimony? Yes, Your Honor. Okay. Well, that's what the judge is encouraging Mr. Mwangi to better explain the problem. And he continues throughout. The phony expert and a real expert wouldn't have done any better with that. Your Honor, I would argue a real expert would have been able to explain land inheritance rights. The immigration judge. But that's not the basis for asylum. Your Honor, there have been cases around the country and other circuits that recognize that Kenyan land inheritance rights can be a basis for asylum. Further, our client tries to express. Other BIA decisions. And one of the things that is important, this court has recognized in Guthungu v. Holder that fear of the Mwangi can be a basis for asylum and withholding of removal. This court actually had to remand that case twice to get the board to do their job. Our client was attempting to make a claim to discuss that his uncles hired the Mwangi to persecute him. And this did not come across. Even though he attempted, Mr. Bell kept directing him back to an art history report that was fake. Thank you, Your Honor. I'm trying to think of what Mr. Engler might be thinking. He might be saying, look, judges, separate your ire at Bell's misconduct from the lack of merit of the case. I shouldn't say those hypotheticals. But is there a danger, well, I shouldn't say a danger. Is there a chance that we may, one of us at least, may find our ire at the Bell's of the world, the Bell attorneys of the world, which I hope are not too many, but there are some. Have to separate that from the underlying merits of your client's case. It is difficult to separate out the ire and the actual prejudice because this turns the stomach of any attorney who's worth their salt. However, when we look at this court's decision in Nobleschenko, it says that when the ineffective assistance of counsel so permeates the alien's ability to present their case, that is prejudice and that warrants reopening. And that's exactly what happened here. Thank you, Your Honors. Thank you, Counsel. The case has been well briefed and argued, and we'll take it under Biden.